IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
AUG 13 2014
Clerk, U.S District Court
District Of Montana
Missoula

|  |  |
|---|---|
| IN RE:<br><br>CHARLES ADAM FIECHTNER, SR. | CV-13-mc-00006-JCL<br><br>ORDER |

A vexatious litigant order was issued against Charles Fiechtner on March 4, 2013 limiting his litigation activities. *See Fiechtner v. Young, et al.*, 13-cv-09-M-DLC-JCL, Doc. 3. United States Magistrate Judge Lynch issued an Order on June 12, 2014 finding that documents numbered 3-110 fell within the provisions of the March 4, 2013 Order and were not eligible to be filed. (Doc. 111.) Fiechtner filed a response to the Order on July 9, 2014. (Doc. 112.) In light of this response, this matter will be reassigned to the undersigned, Judge Lynch's June 12, 2014 Order will be construed as Findings and Recommendations, and Fiechtner's July 9, 2014 response will be construed as Objections to those Findings and Recommendations pursuant to 28 U.S.C. § 636.

Having filed what will be construed as timely objections, Fiechtner is entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and

1

recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

As with all his other filings, Fiechtner's objections are nonsensical. He complains the state has violated state and federal law, aiding in capital crimes, stopped him from "history document evidence," and that Judge Lynch is aiding in all crimes being a material witness. (Doc. 112 at 1.) He argues that Judge Lynch cannot keep him from filing due to capital punishment, murder, and a crimes act. (Doc. 112.)

Out of an abundance of caution, the Court has reviewed Documents 3-110 and agrees with Judge Lynch that each of these Complaints falls within the provisions of the March 4, 2013 Order and should not be filed. Fiechtner's pleadings are incomprehensible and delusional. They generally allege, with little or no factual support, that defendants are liable for murder, treason, capital punishment, and interfering with a murder case. His pleadings reference topics previously raised in prior pleadings and they all claim he is entitled to extensive compensatory damages. All of these pleadings clearly fall within the provisions of the March 4, 2013 Order. Therefore, the Court will adopt Judge Lynch's June 12, 2014 Order as construed as findings and recommendations. Documents 3-110 will

not be filed.

In addition, the Court finds that the 41 Complaints filed since that June 12, 2014 Order (Doc. 113-154) also fall within the provisions of the March 4, 2013 Order. These pleadings are also incomprehensible, conclusory, and fanciful. In one complaint, Fiechtner accuses over 200 potential defendants of threats, sabatage, murder, treason, capital punishments and capital crimes act. (Doc. 113.) He provides no factual basis for these allegations. In other complaints he names the U.S. Department of Justice, H&R Block, numerous states, You Tube, the U.S. Navy, Crimestoppers, the U.S. Coast Guard, the Republican and Democratic parties, Motel 6, Motel 7, the probation department, 50 states FBI, prosecutors of USA, Shirt Works, Japan, Hells Angels, etc. as defendants again with few if any factual allegations. (Doc. 114-154.) He lists allegations of over 43 years of threats, sabotage, murder, treason, capital punishment, and capital crimes act on nearly every complaint without providing any factual explanations. He continues to complain about the death of his mother in 1978, asserting that she was murdered and that he is a victim of that event. In addition, all of the complaints seek extensive compensatory damages in the form of millions, billions, trillions, and zillions of dollars and most request an "infinite" amount of monetary compensation.

The pleadings fall within the provisions of the March 4, 2013 Order. The pleadings are conclusory and fanciful, do not provide short and plain statements of any claim showing that Fiechtner is entitled to relief, and they make conclusory allegations that defendants caused extensive monetary damages. The complaints will not be filed and no further action will be taken on those pleadings.

IT IS HEREBY ORDERED THAT this matter is reassigned to the Honorable Dana L. Christensen, United States District Court Judge.

IT IS FURTHER ORDERED that Judge Lynch's June 12, 2014 Order (Doc. 111) as construed as findings and recommendations is ADOPTED IN FULL.

IT IS FURTHER ORDERED THAT documents 113 - 154 are barred by the March 4, 2013 Order and will not be filed. No further action will be taken on these pleadings.

DATED this 13th day of August. 2014.

Dana L. Christensen, District Judge
United States District Court